UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANS TRESVAN, | Case No. ED CV 09-3651-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income benefits ("SSI"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred by failing to fulfill her duty to fully develop the record. For the following reasons, the Court agrees; the Agency's decision is reversed and the case is remanded for further proceedings.

## II. SUMMARY OF PROCEEDINGS

On March 7, 2005, Plaintiff applied for SSI, claiming that, beginning on March 1, 2000, he became unable to work due to depression, blackouts, bipolar disorder, and schizophrenia.

(Administrative Record ("AR") 67-69.)  The Agency denied the applications initially and on reconsideration.  (AR 50, 59, 62-66.)  Plaintiff then requested and was granted a hearing before an ALJ.  (AR 51-56, 61.)  On September 17, 2007, Plaintiff, without counsel, appeared at the hearing by telephone from prison.  (AR 905-36.)  On October 15, 2007, the ALJ issued a decision denying his application.  (AR 23-34.)  Though she determined that Plaintiff suffered from "a psychotic disorder not otherwise specified," she concluded that Plaintiff's psychotic episodes were due to his failure to take his medications as prescribed.  (AR 28, 32.)

Plaintiff appealed the ALJ's decision to the Appeals Council, submitting over 400 pages of new medical records from the California Department of Corrections and Rehabilitation ("CDCR").  (AR 477-895.)  After considering this new evidence, the Appeals Council denied Plaintiff's request for review.  (AR 6-8, 20.)  Plaintiff then filed the instant action.

### III. DISCUSSION

Plaintiff claims that the ALJ failed to properly inform him of his right to have counsel and that, as a result, Plaintiff did not knowingly waive his right to counsel.  (Joint Stip. at 4.)  He claims further that he was prejudiced by his lack of representation at the administrative hearing because the ALJ failed to properly develop the record by obtaining medical records from the CDCR.  (Joint Stip. at 4-5.)

The Agency argues that Plaintiff knowingly waived his right to counsel and was not otherwise prejudiced by the lack of representation.  (Joint Stip. at 6.)  According to the Agency, the ALJ fulfilled her duty to develop the record by employing a medical

expert, who reviewed the medical records submitted and testified about Plaintiff's mental health and his treatment. (Joint Stip. at 7-8.) In the Agency's view, the CDCR records Plaintiff now complains of were not relevant to the ALJ's decision because they relate to his treatment after the ALJ issued her decision. (Joint Stip. at 8.) For the following reasons, the Court concludes that the ALJ failed to fully develop the record and remand is required.

Although a Social Security claimant has the right to be represented by counsel at an administrative hearing, the "[l]ack of counsel does not affect the validity of the hearing unless the [claimant] can demonstrate prejudice or unfairness in the administrative proceedings." *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (citing *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981)). Thus, the critical issue is whether the administrative proceeding was fair, not whether the claimant properly waived his right to counsel. *Vidal*, 637 F.2d at 714 ("[T]he issue is not whether the right to representation was knowingly waived, rather, it is whether, in the absence of representation, the administrative law judge met the heavy burden imposed by *Cox, supra*."); *see also Higbee v. Sullivan*, 975 F.2d 558, 561-62 (9th Cir. 1992) (per curiam).

Moreover, while an ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered," *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (internal quotation marks omitted), where, as here, a claimant is not represented by counsel, "'it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" *Higbee*, 975 F.2d at 561 (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)); *see also Celaya v. Halter*, 332

F.3d 1177, 1183 (9th Cir. 2003).  The ALJ's duty to develop the record is further heightened where the claimant has a mental impairment and is unable to protect his own interests.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Higbee*, 975 F.2d at 562.

At the outset of the hearing, the ALJ attempted to obtain a waiver of counsel from Plaintiff, who was participating in the hearing via telephone from state prison:

> Q: . . . You are aware of your right to be represented, is that correct?
> A: Oh, okay.  I, what, somebody's going to come and talk to me?
> Q: No, no.  You're aware of your right to counsel, correct?
> A: Okay.
> Q: You're waiving that right to proceed to today?
> A: Yeah.

(AR 907.)

This colloquy does not establish that Plaintiff understood that he had a right to counsel and that he waived that right.  His responses to the first and second questions appear to suggest that he did not know that he had a right to counsel.  The third question posed by the ALJ is non-sensical (though that could be the result of a transcription error).  Nevertheless, the Court cannot conclude based on this record that Plaintiff understood what his rights were and that he knowingly waived his right to counsel.  *See Vidal*, 637 F.2d at 713-14 ("Vidal's brief answers to the administrative law judge's statements concerning the right to representation leave a serious question whether the right to counsel was knowingly waived at the hearing."(footnote omitted)).

The issue of waiver, however, is really not that critical to the Court's analysis in this case. Even assuming that there was a proper waiver, the ALJ was still required to fully and fairly develop the record, a duty that was heightened here because Plaintiff suffered from psychosis. *See Tonapetyan*, 242 F.3d at 1150; *Higbee*, 975 F.2d at 562. As explained below, the Court concludes that the ALJ failed in fulfilling that duty.

The basis for the ALJ's finding that Plaintiff's psychosis was not disabling was that his psychotic episodes were caused by his failure to take his medications as prescribed. As she explained:

> Apart from the objective evidence, there are substantial subjective reasons pursuant to the guidelines of Social Security Ruling 96-7p to conclude that the claimant's symptoms do not preclude the performance of substantial gainful activity within the residual functional capacity as found herein. While the medical records documented two hospitalizations in 2005 with multiple psychiatric symptoms, on both occasions, the claimant had either run out of his medications or had stopped taking them. The claimant's lack of compliance to prescribed medical treatment diminishes his credibility. The claimant testified that despite taking the medication Seroquel two times a day, he continues to hear voices on a daily basis. The medical records, however, do not support those allegations. The records indicate a multitude of physical complaints, but nowhere are complaints related to hearing voices, etc., referenced. The claimant has not been referred for hospitalization or even a psychiatric evaluation since his latest incarceration beginning in May 2006. It is reasonable to conclude that consistent use of medication is

1      effective in controlling his symptoms, despite the allegations to
2      the contrary.

(AR 32.)

    The relevant prison records that Plaintiff submitted after the ALJ rendered her decision arguably undermine the ALJ's findings as well as her conclusion that Plaintiff only suffered from psychotic episodes when he failed to take his medications. (AR 760, 796-98, 805-06, 821-23, 827.[1]) Plaintiff reported to the prison medical staff on September 14, 2007, that he was hearing voices. (AR 796.) This contradicts the ALJ's finding that "nowhere are complaints related to hearing voices, etc., referenced." (AR 32.) The doctor's notes indicate that he planned to do a full evaluation the following day (AR 797)--though the report of the evaluation does not appear to be in the record--which contradicts the ALJ's finding that Plaintiff had not had a psychiatric evaluation since entering prison in May 2006. (AR 32.) Finally, the ALJ discounted Plaintiff's testimony that he was taking his medications and still hearing voices because the medical records did not support this claim. (AR 32.) But the CDCR records do. Plaintiff was apparently taking his medications in September and October 2007 and was reporting to his mental health care workers in the prison that he was still hearing voices. (AR 760 (10/7/07 chart note, "he has been taking medication as prescribed"), 769 (10/12/07 chart note, inmate "mentioned that the voices bothered him").)[2]

---

[1] Most of the records Plaintiff submitted deal with his treatment after the ALJ's October 15, 2007 decision. As the Agency points out, these records are not relevant to Plaintiff's appeal. The Court has focused herein on the pre-decision records.

[2] Plaintiff also reported hearing voices on October 16, 2007--the day after the ALJ issued her decision--though he was presumably

And there is no doubt that the ALJ knew that these records existed. Plaintiff testified at the hearing on September 17, 2007 that he had started seeing a new psychiatrist "the other day." (AR 919.) Thus, the ALJ was on notice that there were additional psychiatric records at the prison which she had not seen. The ALJ had an obligation to obtain these records, and where, as here, the records arguably undermine the ALJ's ultimate conclusion that Plaintiff does not suffer from psychotic episodes if he takes his medications as prescribed, remand is required.[3]

### IV. CONCLUSION

For the foregoing reasons, the Agency's decision is reversed and the case is remanded for further proceedings.

IT IS SO ORDERED.

DATED: June 9, 2010.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\Tresvan 365 1\Memo_Opinion.wpd

---

taking his medications at this time. (AR 767.) Though the ALJ could not have considered this chart note when making her decision, she will be able to on remand.

[3] These records also call into question the medical expert's opinion that Plaintiff was symptom-free when he took his medications and abstained from alcohol and drugs. (AR 926-29.)

7